Filed 11/9/20  P. v. Anderson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | E075097 |
| Plaintiff and Respondent, | (Super.Ct.No. FSB802131) |
| v. | |
| ABDULLAH KARIM ANDERSON, | **ORDER MODIFYING OPINION** |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

THE COURT

The court has reviewed appellant's letter filed November 2, 2020, requesting the correction of a typographical error in our opinion filed October 28, 2020.  The opinion is modified as follows:

On page 3, in the last sentence of the first paragraph, which begins, "On September 21, 2018, the court granted . . . ," remove Penal Code section 1170.95.  The sentence should read:

1

On September 21, 2018, the court granted defendant's motion to reduce his felony conviction to a misdemeanor.

This modification does not change the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____
J.

We concur:

RAMIREZ _____
P. J.

MILLER _____
J.

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075097 |
| v. | (Super.Ct.No. FSB802131) |
| ABDULLAH KARIM ANDERSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Harold T. Wilson, Jr., Judge.  Affirmed.

A.K. Anderson, in pro. per., and Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Defendant and appellant, Abdullah Karim Anderson, filed a motion to vacate his conviction pursuant to Penal Code section 1473.7, which the trial court denied.  After defendant filed a notice of appeal, this court appointed counsel to represent him.

1

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the facts, a statement of the case, and identifying two potentially arguable issues: whether the trial court erred in denying defendant's motion and whether defendant's conviction should be vacated due to the unavailability of the reporter's transcript from the guilty plea and sentencing hearings. Defendant was offered the opportunity to file a personal supplemental brief, which he has done. Defendant contends his public defender rendered ineffective assistance of counsel in failing to investigate whether drugs were actually found on defendant's person when officers arrested him. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 22, 2008, the People charged defendant by felony complaint with possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a), count 1) and misdemeanor resisting an officer (Pen. Code, § 148, subd. (a)(1), count 2). On June 2, 2008, defendant pled guilty to the count 1 offense. According to the written, factual basis for the plea signed by defendant, on or about May 20, 2008, defendant possessed 0.3 grams of cocaine in his pocket for personal use. In return for his plea, the trial court dismissed the count 2 charge and granted defendant three years' felony probation, a term of which required that he serve 60 days in jail.[1]

---

[1] The superior court clerk provided this court with an affidavit reflecting that she was unable to produce reporter's transcripts from defendant's guilty plea and sentencing hearings. This was because the hearing dates had occurred more than 10 years earlier, and the notes were destroyed pursuant to Government Code section 69955, subdivision (e).

2

On December 11, 2008, a bench warrant issued because defendant had failed to appear for his weekend jail time since October 24, 2008. On August 14, 2009, defendant admitted he had violated the terms of his probation. The trial court reinstated defendant's probation with an additional term that he serve 278 days in jail with credit for time served. On October 7, 2011, the court granted defendant's motion for termination of his probation. On September 21, 2018, the court granted defendant's motion pursuant to Penal Code section 1170.95 to reduce his felony conviction to a misdemeanor.

On June 21, 2019, defendant filed a motion to vacate his conviction pursuant to Penal Code section 1473.7 based on the newly discovered grounds that his public defendant never investigated whether there were any drugs on his person when he was arrested. At the hearing on his motion on March 11, 2020, the People noted that defendant had "not presented any newly discovered evidence . . . . There's nothing new in this case." The trial court inquired of defendant what specific, new evidence had he discovered to warrant granting his motion. Defendant responded that his name had been misspelled, stated that he was not in possession of any drugs, and said his case had not been investigated properly. The court denied the motion because defendant had failed to provide any newly discovered evidence.

## II. DISCUSSION

Defendant contends his public defender rendered ineffective assistance of counsel by failing to investigate whether drugs were actually found on his person. We hold that defendant failed to state a cognizable claim for relief under Penal Code section 1473.7 by

3

failing to provide any newly discovered evidence; thus, the court properly denied his motion.

Penal Code section "1473.7, subdivision (a)(2) provides in pertinent part that '[a] person who is no longer in criminal custody may file a motion to vacate a conviction' on the basis that '[n]ewly discovered evidence of actual innocence exists that requires vacation of the conviction or sentence as a matter of law or in the interests of justice.' A motion based on newly discovered evidence must be filed 'without undue delay from the date the moving party discovered, or could have discovered with the exercise of due diligence, the evidence that provides a basis for relief under this section.' [Citation.] Section 1473.7, subdivision (e)(1) provides in part that '[t]he court shall grant the motion to vacate the conviction . . . if the moving party establishes, by a preponderance of the evidence, the existence of any of the grounds for relief specified in subdivision (a).' Thus, the defendant has the burden to demonstrate entitlement to relief under section 1473.7." (*People v. Perez* (2020) 47 Cal.App.5th 994, 997.) "[N]ewly discovered evidence [consists of] testimony, writings and similar things described in Evidence Code section 140 (which defines "evidence"), *discovered after trial or judgment*, *and that with reasonable diligence could not have been discovered earlier*." (*Id.* at p. 999.) We review a trial court's denial of defendant's motion to vacate his conviction under of Penal Code section 1473.7 for abuse of discretion. (*Id.* at p. 997.)

Here, as in *People v. Perez*, *supra*, 47 Cal.App.5th at page 998, "defendant failed to state what new evidence was discovered." Defendant's assertion that he had no drugs on him when he was arrested is not evidence discovered after judgment; rather, that

4

information should have been apparent to him when he was arrested.  Defendant contends that his defense counsel rendered ineffective assistance of counsel by failing to investigate whether defendant had drugs on his person when arrested.  Again, this is not newly discovered evidence.  As in *Perez*, defendant's "newly discovered evidence" consists of facts which "were known to exist *prior* to his conviction[]."  (*Id*. at p. 999.)  Thus, the trial court properly denied defendant's motion.

## III.  DISPOSITION

The trial court's denial of defendant's motion to vacate his conviction under Penal Code section 1473.7 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____
J.

We concur:

RAMIREZ _____
P. J.

MILLER _____
J.

5